PERRY vs. THE STATE OF GEORGIA.

1. An indictment for the crime of aiding and assisting a prisoner in an attempt to escape from the custody of an officer, need not set out the individual names of those comprising the officer's *posse*, and the state may prove that defendant obstructed either of the *posse* while the prisoner was attempting to escape, though his name be not set out in the indictment.

2. The offense charged is a crime, not an attempt to commit one, and therefore this case is not affected by section 4674 of the Code.

3. The attempt of the prisoner to escape continues as long at least as he is fleeing and the officer and *posse* are in sight and in hot pursuit, and the act of impeding the pursuit by holding or obstructing any of the *posse* so in pursuit, is within the offense described in §4483 of the Code.

Criminal law. Evidence. Indictment. Before Judge POTTLE. Madison Superior Court. March Term, 1879.

J. A. Perry was indicted for "aiding and assisting a prisoner in an attempt to escape." The indictment charged

that "a warrant was legally issued in said county against one Walker C. Perry by Reuben T. McGinnis, J. P., upon the affidavit of Lucy F. Minish . . . upon the charge of an attempt to commit a rape, . . . and afterwards . . . the said Walker C. Perry was arrested by John B. McGinnis, constable, . . . and was taken into custody and legally held under and by virtue of said warrant by said constable. And afterwards, to-wit: on the 10th day of December, A. D. 1878, in the county aforesaid, and while the said constable was bringing the said Walker C. Perry before the said Reuben T. McGinnis, J. P., as directed in said warrant, he the said Walker C. Perry did then and there attempt to escape from the custody aforesaid of the said John B. McGinnis, constable as aforesaid, and the said J. A. Perry did then and there aid and assist the said Walker C. Perry in his attempt to escape as aforesaid, by then and there seizing and attempting to hold the said John B. McGinnis, constable as aforesaid, and his lawful *posse*, thereby and in that manner to prevent the re-capture of him, the said Walker C. Perry, contrary to the laws of said state," etc.

The evidence showed that W. C. Perry was under arrest; that the constable put him in the custody of one Hicks and J. M. McGinnis, and started to a house near by, the guard and prisoner following; that the prisoner ran and attempted to escape, the two guards and constable pursuing; that J. A. Perry caught one of the guards (J. M. McGinnis) and sought to hold him; and that the prisoner was caught after running a little more than 100 yards.

Defendant was found guilty. He moved for a new trial on the following, among other grounds:

1. Because the verdict is contrary to law and the evidence.

2. Because the court admitted evidence that defendant held J. M. McGinnis, there being no allegation to that effect in the indictment.

3. Because the court refused to charge the following re-

quest: "If you believe from the evidence that Walker C. Perry had escaped from the custody of the constable, or his guard, and was running away, and had gone a considerable distance, and the prisoner at the bar caught hold of one of the guards to prevent the re-capture of said Walker C. Perry, then the defendant cannot be convicted in this case."

The motion was overruled, and defendant excepted.

G. NASH; SAMUEL LUMPKIN; J. B. ESTES & SON, for plaintiff in error.

SEABORN REESE, solicitor-general, for the state.

JACKSON, Justice.

The defendant was indicted for assisting his brother in an attempt to escape, and was convicted therefor. A motion for a new trial was overruled, and he assigns error thereon.

We see no error in overruling that motion.

1. It was not necessary to name the members of the *posse* of the officer who had charge of the prisoner in the indictment; therefore there was no error in admitting proof that defendant held one of the *posse* because his name was not set out in the indictment, the indictment setting out the names of the arresting officers, and charging that defendant aided the attempt to escape by impeding them and their *posse*. It was enough to include the individuals composing the *posse* under the descriptive name of *posse*.

2. The offense charged is the act of assisting one under legal arrest in an attempt to escape. It is itself a crime, and not an attempt to commit a crime, and does not come under section 4674 of the Code. Code, §4483.

3. The evidence is ample to convict the defendant, and the verdict is not against law. In the sense of our statute—Code, §4483—a prisoner is attempting to escape from the custody of the officer until he actually escapes. While the officer and *posse* are in hot pursuit, in sight of the prisoner,

and all running after him, and any.person holds one of the *posse* to prevent his assisting to overtake and help secure the prisoner, such person is guilty of the crime of assisting a prisoner in an attempt to escape from the officer's custody, and the proof is clear that this defendant did that thing.

The arrest was legal, the warrant legal, the prisoner in lawful custody, and the defendant was properly convicted.

Judgment affirmed.