## 2659.  SMITH *v.* THE STATE.

The crime of escaping from a chain-gang where municipal or misdemeanor
  convicts are worked is an act continuous in its nature, and is not
  finally completed until the convict is retaken.  A person who knowingly
  assists a convict to escape from such a chain-gang, or to elude the
  officers after he has once gotten away and prior to his recapture, is
  punishable under section 315 of the Penal Code of 1895.

DECIDED SEPTEMBER 28, 1910.

Accusation of aiding escape; from city court of Columbus—
Judge Tigner.    April 23, 1910.

*Wynn & Wohlwender,* for plaintiff in error.

*T. H. Fort, solicitor,* contra.

POWELL, J.   The defendant was convicted of violating § 315
of the Penal Code of 1895, which provides: "If any person shall aid
or assist, or attempt to aid or assist, a prisoner to escape, so con-
fined or imprisoned, he shall be guilty of a misdemeanor."   The
expression, "so confined or imprisoned," refers to § 314 of the
Penal Code, which provides: "If any person shall be convicted of
an offense below the grade of felony, and shall escape from the
chain-gang or other place of confinement or imprisonment for the
violation of any municipal, county or State laws, and be there-
after retaken, he shall be guilty of a misdemeanor."

The evidence discloses that while the chain-gang of the city
of Columbus was being worked upon the streets, one of the convicts
escaped, and that later in the day he met the defendant and asked
for an ax.   The defendant furnished the ax, and the convict, in
the defendant's presence, cut off from his person the shackles which
he was wearing pending his service in the chain-gang; and by this
the convict was able finally to make good his escape.

There are several sections of the Penal Code which relate to
rescue and escapes.   Some of these sections relate to rescue and
escape from the personal custody of officers, others to escape from
places of confinement—using the word "confinement" in a broader
sense than the mere limits of prison walls.   As to escapes from the
personal custody of officers, the offense is complete whenever the
prisoner gets entirely away.   So long as the pursuit is in progress
and the fleeing prisoner is in sight of the officers or posse, the es-
cape is not complete; but when he outruns them or successfully
eludes them and gets away, the escape is complete; and thereafter

the offense of aiding an escape can not attach to that particular transaction. Cf. *Perry* v. *State,* 63 *Ga.* 402 (3).

We think (though it is not without some doubt, and only after considerable study of the question, that we come to this conclusion) that the rule as to escaping from a chain-gang is different. Where convicts are being worked upon a chain-gang, they are not, at least during working hours, usually confined within any special walls or bounds of imprisonment. Often the confinement is constructive rather than actual, especially in the case of a trusty. This would seem to justify the giving to the word "escape" a broader meaning where applied to chain-gang, than when applied to prisons generally or to the custody of officers.

It may also be noticed that Section 314 of the Penal Code, quoted above, seems to make the retaking of the prisoner a part of the crime. This apparent absurdity came about through the process of codification. By an examination of the several acts upon which the code section is based, it will be seen that the provision was that if a prisoner should escape from the chain-gang and be retaken, he should thereafter be indicted and punished as for a misdemeanor. We think that the object of framing the statute in this particular language was to make the crime of escaping from a chain-gang a continuous act, never finally completed so as to start the running of the statute of limitations in the prisoner's favor until the time of a recapture; with the consequent result that a convict absenting himself from the chain-gang and from the officers, with the intention essential to an escape (that is, being absent otherwise than on some temporary mission consistent with his relationship as a convict), is to be considered as committing a violation of the statute, from the time of his leaving until the time of his recapture. Therefore, any one who knowingly aids a convict or attempts to aid him, either to get away from the chain-gang or to stay away, is guilty of violating section 315 of the Penal Code.

We think that the words, "so imprisoned," found in section 315 of the Penal Code, were inserted not with the view of making it criminal to aid a convict only while he was actually in prison, but merely with the view of relating section 315 to section 314, and of distinguishing the aiding of the escape of misdemeanor or municipal convicts from the other offense provided for in section 316, of aiding felony convicts to escape—the latter being a higher offense. We

have, therefore, come to the conclusion that the transaction in the present case was criminal and punishable under section 315 of the Penal Code. *Judgment affirmed.*