[Crim. No. 16677. Second Dist., Div. Four. Feb. 20, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRY MACK MOORE, Defendant and Appellant.

## COUNSEL

Milton Orman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert F. Katz, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—Defendant was charged with one count of robbery and with three counts of kidnaping for the purpose of robbery. After a trial by jury, he was found guilty on all four counts. A motion for a new trial was denied but the trial court reduced the three kidnaping counts to simple

kidnaping. Probation was denied and he was sentenced to state prison on all four counts, the sentences to run concurrently.[1] He has appealed from the judgment and from the order denying his motion for a new trial. We affirm the judgment on count I (robbery), reverse it on counts II, III and IV (kidnaping), and dismiss the appeal from the nonappealable order denying a new trial.

Defendant and a companion entered a business establishment in La Verne, California, at about 4 p.m. The place was attended by two young girls, Garene Hall and Mary Ellen Zavala. Defendant produced a gun and said: "This is a stick-up. Give me the money." The girls thought him joking and did not respond. Defendant fired a shot into the wall to demonstrate his seriousness. At about this juncture, Garene's mother, Mrs. Jackie Hall, entered. She recognized that an actual holdup was in progress and, at defendant's insistence, removed money from the cash register and from a money bag and gave it to defendant. Defendant asked if there was any more money and Garene told him there was another cash register in a back room. Defendant herded the three persons into that room, secured the additional money and left, locking the door and warning the three not to attempt to leave for 10 minutes. Unknown to him, there was another, unlocked door to the back room and the victims escaped, went next door and summoned the police.

# I

The robbery count names Mrs. Hall as the victim of the robbery. Defendant argues that, since the money taken was the property of the business establishment, and Mrs. Hall was not an employee but merely a visitor, the evidence does not support the robbery charged.

We need not, in this case, consider whether or not an error in designating the victim of a robbery affects a conviction, because we conclude that, under long established rules, the count accurately charged the offense committed.

█ It is no defense to a charge of robbery (or of theft) that the victim was not the true owner of the property taken. Theft can be committed against one who was himself a thief. (Clark & Marshall, Crimes (3d ed. 1927), § 313, p. 394; Miller on Criminal Law (1934) § 110, p. 346; 1 Witkin, Cal. Crimes (1963) § 381, p. 355.) █ It follows that, once Mrs. Hall exercised dominion over the money, whatever her motivation in so doing, she became, insofar as defendant was concerned, the person in

---

[1]Pursuant to section 1202b of the Penal Code, the court made a special finding that defendant was under the age of 23 and eligible for the consideration provided for in that section.

possession thereof, and she was properly designated in the information as the immediate victim of his robbery.

## II

We need not consider the arguments advanced in the brief for defendant with reference to the three kidnaping counts and the sentences thereon because we conclude, under the authority of *People* v. *Daniels* (1969) 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225], decided after that brief was filed, that the evidence does not show the commission of any kidnaping under either section 209 or section 207 of the Penal Code. In *Daniels,* the Supreme Court examined extensively the history of the law on kidnaping, both in California and elsewhere, and concluded that the Legislature had not intended to include with the definition of kidnaping minor movements, not involving harm or risk of harm to the victims, done solely to effectuate the commission of a robbery or the escape from the robbery scene. In the case at bench, the record shows that the primary purpose of herding the three victims into the back room was to secure the money there located; the imprisonment followed, but it, again, was to facilitate the escape.[2] Under *Daniels,* defendant was not guilty of a violation of section 209; a fortiori he was not guilty of the lesser offense proscribed by section 207.

The judgment on count I is affirmed; the judgment on counts II, III and IV is reversed; the attempted appeal from the order denying a motion for a new trial is dismissed.

Jefferson, Acting P. J., and Dunn, J., concurred.

---

[2]We note that, since robbery is an aggravated form of theft, the asportation which is an element of the crime, continues during the period of primary escape.