## 52984. McKENZEY v. THE STATE.

MARSHALL, Judge.

Appellant was convicted of escape from a state penitentiary and sentenced to serve three years consecutively with any sentence presently being served. He enumerates four errors. *Held:*

1. We will consider the second enumeration first. In that enumeration appellant complains that the

provisions of Ga. L. 1968, pp. 1249, 1336 (Code Ann. § 26-9902) dealing with trials for escape and more particularly with production and filing of copies of records of former trials transmitted to the keeper of the penitentiary, is constitutionally defective in that it violates concepts of due process. This case was filed originally in the Supreme Court raising this constitutional issue. The case was transferred to this court without comment by the Supreme Court; therefore we will assume that court discerned no constitutional defect. Appellant does not present to us a question of unconstitutional application of the statute, and this court has no jurisdiction to inquire into the constitutionality of the statute in question. See Code Ann. §§ 2-3704, 2-3708; *Thornton v. State,* 234 Ga. 480 (216 SE2d 330). It follows this enumeration presents nothing for this court to review.

2. The first and third enumerations of error assert that the trial court erred in admitting a copy of an administrative order showing his transfer as a prisoner from one penal institution to another without further proof that he was originally committed as the result of a lawful conviction including a sentence to confinement. In the absence of such proof, appellant complains the trial court erred in not directing a verdict of acquittal.

We find no error by the trial court in the admission of the copy of the administrative transfer order. Moreover, there was ample evidence supporting the trial court's denial of the motion for a directed verdict of acquittal. The evidence in this case establishes that the trial court had before it records emanating from the director of corrections transferring appellant as a sentenced prisoner from one penal institution to another. Those records included copies of sentences imposed as a result of felony convictions. The records of the director of corrections were filed in the superior court of the county in which the escape occurred as required by Ga. L. 1968, pp. 1249, 1336 (Code Ann. § 26-9902). Moreover, Ga. L. 1956, pp. 161, 171; 1964, pp. 489, 490; 1968, p. 1399 (Code Ann. § 77-309 (b)) in pertinent part provides that persons that have been convicted of either a misdemeanor or a felony and sentenced to serve time in a penal institution in this state

shall be committed to the custody of the director of corrections who shall designate the place of confinement. The director of corrections shall also have the sole authority to transfer prisoners from one correctional institution to another. Thus the trial court had before it evidence that appellant was a sentenced prisoner committed to the director of corrections for appropriate incarceration.

Additionally, not only was the fact of lawful confinement in this case established by copies of the records transmitted to the keeper of the penitentiary relative to the former trials of this appellant, which had been filed of record in the superior court of the county in which the escape occurred, but an appropriate authority of the confinement facility testified to the fact of continued confinement at the time of the escape. Finally, appellant himself admitted he was a prisoner and had forfeited good time because of the escape. The granting and taking of good time is an administrative action of the correctional system of Georgia, and such action is upon sentences then being served and does not relate to after imposed sentences. *Potts v. State,* 134 Ga. App. 512 (215 SE2d 276).

Under the facts of this case, we are satisfied that evidence properly before the trial court established that appellant was a lawfully confined prisoner undergoing a sentence imposed as the result of a felony conviction. *McKenzey v. State,* 138 Ga. App. 88, 91 (3) (225 SE2d 512). Inasmuch as the properly admitted evidence did not demand a verdict of acquittal as a matter of law, these enumerations are without merit. *Merino v. State,* 230 Ga. 604 (198 SE2d 311).

3. In his last enumeration of error, appellant maintains the trial court erred in denying a continuance to obtain the presence of a witness allegedly essential to his defense. It was uncontested that this witness had been in the status of escape. Appellant asserted at trial that the prisoner had been recaptured but did not indicate whether his awareness of recapture was secondhand or based upon personal knowledge. Moreover, insofar as the record shows, the state's only information of recapture was limited to a statement of the accused. Finally it was admitted that no effort had been made by appellant to

subpoena this witness assuming the witness was indeed in the state's custody.

Motions for continuances are addressed to the final discretion of the trial judge and in the absence of clear showing of the abuse of discretion, this court will not interfere with the action of the trial judge in refusing to grant a continuance and requiring counsel to proceed with the trial of the case. See *Beasley v. State,* 115 Ga. App. 827 (156 SE2d 128); *Keller v. State,* 128 Ga. App. 129, 131 (195 SE2d 767). Under the facts of this case the trial court did not abuse its discretion in denying the continuance.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED OCTOBER 13, 1976 — DECIDED NOVEMBER 10, 1976.

*James T. Irvin,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.