## 54413. HOLT v. THE STATE.

DEEN, Presiding Judge.

Defendant appeals his conviction for escape, motor vehicle theft and burglary on the grounds that the trial court erred in refusing to grant his motion for a new trial. He presents three questions to this court for

consideration: (1) whether the defendant was in lawful custody; (2) whether there was sufficient evidence to show criminal intent; (3) whether there was evidence that defendant took the automobile without authority.

Defendant was serving a sentence for theft by receiving stolen goods at the Colquitt County Correctional Institution and was assigned to a grass-mowing detail under the supervision of a guard. The guard observed defendant driving the tractor in an abusive manner and upon investigation discovered that he was intoxicated. Defendant testified that he and another inmate found eleven cans of beer lying on the side of the road and drank them. Later, he took the tractor to a nearby store and purchased a six-pack of beer. He claims that he consumed sixteen or seventeen beers in about an hour and a half. When the guard attempted to get defendant into a truck to take him back to camp, he refused to go. The guard left to obtain help, and defendant walked over to a nearby house trailer and entered it. The owner of the trailer was lying in bed reading when he entered and demanded money. She directed him to a billfold on the dining room table and escaped from the house. Defendant ran after her demanding the keys to her car and threatening to shoot her. She told him that the keys were in the car. He drove the car to the home of a relative, showered and changed his clothing, and went outside where he was spotted and apprehended by a search party.

1. Defendant was in the constructive custody of the county when he was working on the grass-cutting detail. *Smith v. State*, 8 Ga. App. 297 (68 SE 1071). As there is no evidence that defendant had permission or authority to leave the work area, the argument that the negligence of the guard in leaving him unattended negates escape within the meaning of Code § 26-2501 is without merit. Defendant's acts of taking a car and changing out of his prison clothing indicate that he had not merely wandered off in a drunken stupor.

2. Defendant's remaining arguments are also without merit. "It was the duty of the jury to weigh [the] evidence. Since it found that the defendant was guilty, its verdict must be honored as long as there is any evidence to

support it. *Jones v. State,* 17 Ga. App. 479 (87 SE 688)." *Cunningham v. State,* 235 Ga. 126, 127 (218 SE2d 854). See also *Ridley v. State,* 236 Ga. 147 (223 SE2d 131). There was ample evidence to support a guilty verdict.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 7, 1977 — DECIDED OCTOBER 5, 1977.

*Twitty & Twitty, Frank S. Twitty, Jr.,* for appellant.
*H. Lamar Cole, District Attorney, Alden W. Snead, Assistant District Attorney,* for appellee.