## 56152. BAILEY v. THE STATE.

DEEN, Presiding Judge.

On April 25, 1977, defendant was serving an eight-year sentence for burglary at the Chatham Correctional Institution. Along with twenty-two other prisoners, he was assigned to a work detail off the grounds of the institute under the supervision of two guards. At the work site, the men were divided into two groups. Defendant was cutting bushes on the side of a ditch, got up, passed by Officer Dutton who was guarding his detail, and jumped him. While they were struggling on the ground, a prisoner from the other guard's detail came up behind Dutton, got his pistol out of his holster, and subdued him. Bailey then grabbed Dutton's shotgun which was dropped during the scuffle, held it on the guard, and demanded that he hand over his billfold which contained two dollars. Another prisoner forced both guards to remove their uniform shirts. The guards and fourteen prisoners who did not wish to escape were forced

into the back of the prison bus and the doors were locked. Defendant kept the shotgun trained on the men locked in the bus while another prisoner drove it five or six miles to a cemetery where the escaping prisoners, including defendant, abandoned the vehicle and fled on foot.

Defendant was indicted, tried by a jury, and convicted of escape, armed robbery, and kidnapping. He received two concurrent sentences of fifteen years with the last five to be served on probation for kidnapping and armed robbery and a sentence of ten years to be served consecutively with the other two sentences for escape. He appeals from the denial of his amended motion for a new trial.

1. Defendant contends that the trial court erred in denying his motion for a directed verdict on the escape charge because there is a fatal variance between the indictment and the facts proven. The indictment states that he escaped from ". . . the Chatham Correctional Institution, a place of lawful confinement. . ." Defendant claims that he did not escape from the institution, but from a work detail about thirty minutes removed from Travis Field.

We find this argument to be without merit. Defendant was in the constructive custody of the Chatham Correctional Institution within the meaning of Code Ann. § 26-2501 when he was cutting bushes on the work detail. *Holt v. State,* 143 Ga. App. 438 (238 SE2d 763) (1977); *Smith v. State,* 8 Ga. App. 297 (68 SE 1071) (1910).

2. Defendant also asserts error in the trial court's refusal to grant his motion for a directed verdict on the charge of kidnapping. He relies upon cases from other jurisdictions, notably California and New York, which hold that where asportation is a part of the commission of another crime, and incidental thereto, the defendant cannot be guilty of kidnapping. See People v. Gibbs, 12 Cal. App. 3d 526 (90 Cal. Rptr. 866) (1970); People v. Williams, 2 Cal. 3d 894 (88 Cal. Rptr. 208) (1970), cert. den. 401 U. S. 919 (91 SC 903, 27 LE2d 821); People v. Moore, 4 Cal. App. 3d 668 (84 Cal. Rptr. 771) (1970); People v. Levy, 15 N.Y.2d 159 (256 NYS2d 793) (1965), motion to reargue the case was denied, 15 N.Y.2d 1037 (260

NYS2d 187), cert. den., 381 U. S. 938 (85 SC 1770, 14 LE2d 701).

This question was previously raised in *Brown v. State,* 132 Ga. App. 399 (208 SE2d 183) (1974). This court, however, declined to rule on the issue because the evidence in that case did not show that the asportation was incidental to the commission of another crime.

"Broadly speaking, a single act may constitute two or more distinct and separate offenses, and a person charged with such an act as two separate offenses may in some jurisdictions be convicted and punished for both. Statutory restrictions may, however, prohibit multiple punishments for separate offenses based on a single act. . . [Whether the seizure or detention of the victim of a rape, robbery, or other crime would be sufficient to also constitute the crime of kidnapping presents two opposing viewpoints.] One view is that the seizure or detention of the victim, with any accompanying movement, is necessarily sufficient to constitute the separate crime of kidnapping. The courts which have supported this view have reasoned that it was the fact of a forcible removal, and not the distance of the forcible removal, which constituted the separate crime of kidnapping. The other view, quite logically, is that the seizure or detention alone is not necessarily sufficient to constitute the separate crime of kidnapping. Here the courts reasoned that movements merely incidental to the commission of a rape, robbery, or similar offense, and which did not substantially increase the risk of harm over and above that risk which was necessarily present in the rape, robbery, etc., did not constitute the separate crime of kidnapping." 43 ALR3d 699, 701.

The California Penal Code contains two kidnapping statutes. Cal. Pen. Code § 207 (West 1970) defines simple kidnapping while Cal. Pen. Code § 209 (West Supp. 1977) defines the offenses constituting aggravated kidnapping (kidnapping for ransom, to commit extortion, or robbery). In People v. Daniels, 71 Cal. 2d 1119 (80 Cal. Rptr. 897) (1967), the California Supreme Court held that under § 209 the compelled movement of a person does not constitute kidnapping for robbery if the movement is merely incidental to the robbery or if the kidnapping does

not substantially increase the victim's risk of harm beyond the risk inherent in the robbery. This two-prong test has also been extended to § 207. However, under this section "a closer scrutiny may be required to determine whether the forced detention and movement of a person are necessarily or usually involved in the commission of another crime with which the defendant is also charged, and whether they were in fact only incidental to the commission of that other crime." People v. Gibbs, supra, p. 542. In Gibbs, the court noted that the forced movements and detentions of the guards were for the purpose of preventing interference with the defendant's attempted escape. Although all the activity occurred on the fourth floor of the San Diego County Jail, the acts were held not to be incidental to the crime of escape in the same way that detention and movement of the victim are necessarily incident to robbery or rape.

In New York there was no "merger" concept in the law of kidnapping until 1965. See People v. Florio, 301 N.Y. 46 (92 NE2d 881) (1950). However, in People v. Levy, supra, the court reversed the defendants' kidnapping convictions where the evidence showed that a couple who were returning home by car were accosted by two gunmen who forced them back into their car, and that they were forced to drive for twenty-seven blocks while the gunmen robbed the woman of her jewelry and the man of three hundred dollars. The court held that the twenty-seven blocks and twenty minutes of confinement were incidental to the crime of robbery because the broadly worded statute could encompass every conceivable case of kidnapping and not every act falling within its terms should be treated as a felonious kidnapping. Since that decision, New York has amended its kidnapping statutes to provide that the victim must be abducted for more than twelve hours if the abduction occurs as a facet of another crime before the defendant can be charged with kidnapping as a separate offense. See N. Y. Penal Law, § 135.25 (McKinney 1975).

Arizona, like California, has both a simple and an aggravated kidnapping statute. A.R.S., §§ 13-141, 13-142. Arizona, however, strictly construes its aggravated kidnapping statute and holds that the

evidence is sufficient to support conviction for two offenses where the component elements of two crimes are distinct and sufficient. State v. Burchett, 107 Ariz. 185 (484 P2d 181) (1971).

Unlike California, New York and Arizona, Georgia has a single kidnapping statute. Code Ann. § 26-1311 (a) provides: "A person commits kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." The facts in the case sub judice show that all of the elements of the crime of kidnapping were present.

Code Ann. § 26-506 entitled "Multiple prosecutions for same conduct" subsection (a) provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." Code Ann. § 26-505 defines an included crime.

As kidnapping and escape do not differ only in definition of the conduct prohibited, their merger depends upon whether one is included in the other. In *Thomas v. State,* 237 Ga. 690 (229 SE2d 458) (1976), two women returned to their home and noticed that it had been burglarized. When they attempted to leave, they were accosted in the carport by a man armed with a knife and a gun. He forced them to return to the house. Later, he forced them into their car and ordered them to drive to a secluded area. After arriving there, he demanded that the women disrobe and struck one of them in the face with his fists. Defendant raped one woman while holding the other at gunpoint. The court held, that under this fact situation, the crimes of aggravated assault and kidnapping or rape and kidnapping did not merge because neither is included in the other as a matter of law or a matter of fact.

In Georgia, it is no longer required that the offenses "must be identical both as a matter of fact and as a matter of law." *Harris v. State,* 193 Ga. 109, 117 (17 SE2d 573) (1941). The Supreme Court held in *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974), that our statute on

included crimes "requires that although a defendant may be *prosecuted* for all crimes committed, he may not be convicted of more than one crime if the crimes charged are the same in law *or* fact. Accord, *Harvey v. State,* 233 Ga. 41 (209 SE2d 587) (1974)." *Pryor v. State,* 238 Ga. 698, 700 (234 SE2d 918) (1977).

In the present case, indictment 1 charging escape alleged that defendant intentionally escaped from the Chatham Correctional Institution where he was lawfully confined for the offense of burglary. The second indictment charged that he unlawfully abducted and stole away Bernard Dutton and Robert Lovett without lawful authority or warrant and held them against their will. As the facts adduced to support the two counts are different, the kidnapping is not "included" within the escape within the meaning of Code Ann. § 26-505 (a) which provides that a crime is included when: "It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged." Moreover, kidnapping and escape do not fall within the definition of Code Ann. § 26-505 (b) which requires the crime to ". . . differ from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." Therefore, defendant may be prosecuted under Code Ann. § 26-506 for both kidnapping and escape as these prosecutions are not for the same conduct nor do the crimes differ only in definition of conduct prohibited.

Defendant's argument that the kidnapping was only "incidental" to the escape is therefore without merit. Indeed, the evidence shows that the guards were detained and moved a substantial distance of five or six miles. As Code § 26-505 adequately defines lesser included offenses, we see no need to adopt California's two-pronged test. However, we agree with the California Court of Appeals' view in People v. Gibbs, supra, that kidnapping is not necessarily incidental to the crime of escape.

3. Defendant complains that the trial court erred in denying his motion for a directed verdict on the charge of armed robbery contending that there was no evidence to

show that he took the money from Officer Dutton. This enumeration is without merit because the guard testified: "He took my billfold, which contained two dollars."

4. Defendant also asserts the general grounds. There was ample evidence to support the verdict.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 28, 1978 — DECIDED JULY 14, 1978.

*Smith & Phillips, Robert Paul Phillips, III,* for appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.