## 62254. HORNSBY v. THE STATE.

CARLEY, Judge.

Appellant was indicted for the offense of escape in that "after having been convicted of [three] violations of municipal ordinances of the City of LaGrange, Georgia, . . . [he did] intentionally escape from the West Georgia Medical Center, a place of lawful confinement." Following a jury trial, appellant was convicted of the offense charged and was sentenced to five years in prison. He appeals.

The pertinent facts are as follows: After his conviction for violation of certain municipal ordinances of the City of LaGrange, appellant was incarcerated in the City Jail of LaGrange and was in the custody of the LaGrange Police Department. While so incarcerated, appellant complained of back pains and was taken by a member of the LaGrange Police Department to the West Georgia Medical Center for treatment. Approximately four days after admittance to the medical center appellant walked out without anyone's consent. He was recaptured approximately three months later.

1. In several related enumerations of error, appellant contends that the evidence was not sufficient to show that he escaped from a "place of lawful confinement" within the meaning of Code Ann. § 26-2501. As previously noted, appellant was in the lawful custody of the LaGrange Police Department and incarcerated in that city's jail at the time he experienced the back pains necessitating medical attention. Appellant was accompanied by a police officer to the emergency room of the medical center. Following the administration of emergency treatment, appellant was guarded by another officer during the admittance process and was accompanied by this officer to his hospital room. After following appellant to the room, the officer left the medical center. From this point until his escape approximately four days later, no officer was actually assigned to or stationed at the medical center for the express purpose of guarding appellant.

While appellant testified that "I didn't feel that I was escaping because there was nobody there," he admitted that his sentence had not expired and that no one had given him permission to leave the center. Appellant further admitted that he was not released by the attending physicians or otherwise discharged from the center and that he did not pay the bill upon leaving because he "was under city care." In short, the evidence demonstrates that appellant left the medical center on his own volition because there was not a guard standing at the door to bar his escape.

Under these facts we find meritless appellant's contention that

the medical center did not constitute a place of lawful confinement under Code Ann. § 26-2501. Appellant has cited no authority and we are aware of none which limits a place of lawful confinement to a prison or other correctional facility. In the instant case we conclude that at all times relevant to the incident in question appellant was in lawful confinement at the West Georgia Medical Center (*Myers v. State,* 143 Ga. App. 195 (237 SE2d 662) (1977)) and in the constructive custody of the City of LaGrange Police Department. See *Holt v. State,* 143 Ga. App. 438 (1) (238 SE2d 763) (1977); *Bailey v. State,* 146 Ga. App. 774 (1) (247 SE2d 588) (1978).

Accordingly, the indictment in the instant case was sufficient. *Carter v. State,* 155 Ga. App. 49 (1) (270 SE2d 233) (1980). Upon our review of the trial transcript and record, we find that any rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virgina, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Stanley v. State,* 156 Ga. App. 116 (274 SE2d 165) (1980).

2. Appellant also contends the trial court erred in overruling his motion to dismiss the indictment. The motion to dismiss was based on the assertion that the indictment against appellant was returned solely upon the basis of the hearsay testimony of a law enforcement officer. First, the evidence presented at trial does not demand a finding that the indictment was returned wholly upon hearsay evidence. Secondly, the sufficiency of the legal evidence before a grand jury is not subject to inquiry. *Buchanan v. State,* 215 Ga. 791 (2) (113 SE2d 609) (1960); *Hogan v. State,* 140 Ga. App. 716 (2) (231 SE2d 802) (1976); *Reaves v. State,* 242 Ga. 542, 544 (2) (250 SE2d 376) (1978). Accordingly, this enumeration is without merit.

3. Appellant enumerates as error the trial court's denial of his motion for a continuance which was predicated on the basis that counsel did not have adequate time to prepare for trial and on the basis of an absent witness. Such motions address themselves to the sound discretion of the trial judge and this court will not interfere absent a clear showing of abuse of this discretion. *Burnett v. State,* 240 Ga. 681, 683 (1) (242 SE2d 79) (1978); *Alderman v. State,* 241 Ga. 496, 502 (2) (246 SE2d 642) (1978). Appellant asserts no facts to justify a determination by this court that the trial court abused its discretion in finding that counsel had adequate time to prepare for trial. *Bunge v. State,* 149 Ga. App. 712 (1) (256 SE2d 23) (1979). As the record in this case indicates that appellant did not show compliance with all of the requirements of Code Ann. § 81-1410, the trial court did not abuse his discretion in denying the motion predicated upon an absent witness. *Smith v. State,* 155 Ga. App. 657 (1) (272 SE2d 522) (1980); *Harris v. State,* 142 Ga. App. 37 (3) (234 SE2d 798)

(1977). Accordingly, this enumeration of error is without merit.

4. Appellant urges that the trial court erred in instructing the jury that the charge alleged in the indictment was a felony and in sentencing him for a felony offense rather than a misdemeanor. Code Ann. § 26-2501 provides in pertinent part as follows: "A person commits escape when he . . . having been convicted of a felony or misdemeanor, *or of the violation of a municipal ordinance,* intentionally escapes . . . A person who, having been convicted of a felony or misdemeanor, is convicted of escape shall be punished by imprisonment for not less than one nor more than five years. *Any other person convicted of escape shall be punished as for a misdemeanor* except that a person who commits escape while armed with a dangerous weapon shall, upon conviction, be punished by imprisonment for not less than one nor more than 10 years." (Emphasis supplied.)

It is clear that under this statute a conviction of escape may be punished as a felony only if the defendant's previous confinement was pursuant to a felony or misdemeanor conviction or if he escaped while armed with a dangerous weapon without regard to the nature of the original crime or the time of the escape. *Pruitt v. State,* 135 Ga. App. 677 (1) (218 SE2d 679) (1975); *Smith v. State,* 154 Ga. App. 608 (269 SE2d 100) (1980). In the instant case it is undisputed that appellant was in confinement after being convicted of violating only certain municipal ordinances and there is absolutely no evidence that appellant was armed at the time of his escape. Under these facts, appellant must be considered to be within the category of "any other person convicted of escape" and, thus, he is subject to misdemeanor punishment. We, therefore, reverse the sentencing portion of the judgment below and direct the trial court to sentence appellant as for a misdemeanor. *Pruitt v. State,* supra; *Smith v. State,* supra.

*Judgment of conviction affirmed. Sentence reversed with direction. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 10, 1981 —
REHEARING DENIED SEPTEMBER 23, 1981

*Franklin H. Thornton,* for appellant.

*Arthur E. Mallory III, District Attorney, Harger W. Hoyt, Assistant District Attorney,* for appellee.