## 62126. FOWLER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted in two counts for the offense of violation of the Georgia Controlled Substances Act. Count 1 alleged possession of cocaine and Count 2 alleged possession of diazepam. Defendant entered a plea of guilty to the second count, and a presentence investigation was ordered. He was sentenced to three years in the penitentiary.

The record contains the exhaustive presentence investigation and recommendation report considered by the trial court in imposing sentence upon the defendant. Among the listing of defendant's previous offenses contained in the report is a 1963 offense of forgery for which defendant served nine months in reform school in Florida. The report shows that no attorney represented defendant in regard to the 1963 forgery charge. Defendant appeals, enumerating only as error the trial court's consideration of the report *insofar as it*

*contained reference to a prior offense where defendant was not represented by counsel. Held:*

Defendant contends the trial court erred in considering the presentence report containing the reference to the prior offense wherein the defendant was not represented by counsel, and this prior offense should have been excluded from the presentence report. We find no objection made to the trial court's consideration of the presentence investigation and recommendation of the probation supervisor. This was a presentence investigation after a plea of guilty, and the case was referred to a probation supervisor for investigation and recommendation as set forth in Code Ann. § 27-2709 (Ga. L. 1956, pp. 27, 31; 1958, pp. 15, 20; 1960, p. 1148; 1972, pp. 604, 609; 1980, pp. 1136, 1137). It did not involve a presentence hearing after the jury had returned a verdict of guilty "at which the only issue shall be the determination of punishment to be imposed," in which the trial judge may hear additional evidence in extenuation, mitigation and aggravation of punishment under the present system in which the trial judge fixes punishment. See Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357); *Almon v. State,* 151 Ga. App. 863, 865 (2) (261 SE2d 772). But, in any event, there was no objection to the court considering the report, and it must be deemed to be waived. See *Munsford v. State,* 235 Ga. 38, 45 (218 SE2d 792); *McKisic v. State,* 238 Ga. 644, 647 (234 SE2d 908); *Cofer v. Hopper,* 233 Ga. 155, 156 (210 SE2d 678); *Bostick v. Ricketts,* 236 Ga. 304, 305 (1) (223 SE2d 686).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

Decided September 10, 1981.

G. F. Peterman III, Walter J. Lane, Jr., for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.