61892. HENDRICKSON v. THE STATE.

CARLEY, Judge.
Appellant was convicted of intentionally escaping from lawful confinement. He appeals from the denial of his motion for new trial.

1. Appellant contends that the evidence is insufficient to support the verdict. Code Ann. § 26-2501 provides in pertinent part as follows: "A person commits escape when he: (a) having been convicted of a felony . . . intentionally escapes from lawful custody or from any place of lawful confinement . . ." The evidence adduced at trial showed the following: At the time of escape appellant was serving a life sentence at the Ware County Correctional Institute. Because of his good institutional record, appellant had been elevated to the status of trustee and was assigned to work during the day at the local Game and Fish Division of the Department of Natural Resources. While assigned to this particular agency, appellant was under its supervision and was confined to the perimeters of the State property upon which the offices of the Game and Fish Division were situated. On the day of appellant's escape, all of the employees of the Game and Fish Division with the exception of a radio operator who

worked inside the offices were out of town. Appellant was given directions to mow the grass and to perform other tasks while the other agency personnel were away. Approximately an hour to an hour and a half after the personnel had departed, appellant left the premises. Subsequently, appellant was found in Daytona Beach, Florida.

We find meritless appellant's argument that because he was left "unconfined and unsupervised" he did not escape from "lawful custody or from a place of lawful confinement" within the meaning of Code Ann. § 26-2501. Appellant was in the constructive custody of the county when he was working for the state agency. *Smith v. State,* 8 Ga. App. 297 (68 SE 1071) (1910); *Holt v. State,* 143 Ga. App. 438 (1) (238 SE2d 763) (1977); *Bailey v. State,* 146 Ga. App. 774 (1) (247 SE2d 588) (1978). Appellant knew his duties and responsibilities as a trustee and that he was not permitted without permission to leave the premises of the Game and Fish Division. There is no evidence that appellant had permission or authority to leave the premises.

The contention that the constitutional prohibition against double jeopardy was violated because appellant was subjected to criminal prosecution for escape after administrative punishment was imposed for the same act is resolved adversely to appellant by the application of the holding of the Supreme Court in *Carruth v. Ault,* 231 Ga. 547 (203 SE2d 158) (1974). See also *McKenzey v. State,* 140 Ga. App. 402 (2) (231 SE2d 149) (1976); *Mincey v. Hopper,* 233 Ga. 378 (1) (211 SE2d 283) (1974).

Our review of the record convinces us that any rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Baldwin v. State,* 153 Ga. App. 35 (264 SE2d 528) (1980).

2. Appellant also contends the trial court erred in failing, without request, to instruct the jury as to the limited consideration which it could give to appellant's prior conviction. The lawful confinement of appellant at the time of his escape was a necessary element of that offense and, thus, evidence of appellant's prior conviction was clearly admissible to prove lawful confinement. Code Ann. § 26-2501; *Gillespie v. State,* 140 Ga. App. 408 (1) (231 SE2d 154) (1976). "It is well recognized that when evidence is admitted for one purpose, as it was in the instant case, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury.* [Cits.]" *Harrell v. State,* 241 Ga. 181, 186 (2) (243 SE2d 890) (1978); accord, *Suits v. State,* 150 Ga. App. 285, 288 (257 SE2d 306) (1979). As there was no such request in the instant case, this enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

D<span>ECIDED</span> S<span>EPTEMBER</span> 22, 1981.

*Douglas Gibson,* for appellant.

*C. Deen Strickland, District Attorney, W. Fletcher Sams, Assistant District Attorney,* for appellee.