## 64266, 64267. CHAMBLEY v. THE STATE (two cases).

POPE, Judge.

Appellants here appeal from their convictions on one count of robbery (Phillip: armed robbery; Timothy: robbery by intimidation) and on two counts of kidnapping. The evidence showed that appellants went to a residence for the purpose of burglarizing it. They found two boys at home. Phillip threatened the boys with a gun and both appellants made the boys go into the living room where

appellants tied them up. Appellants then began to search the house for valuables. When the search failed to produce the items they desired, appellants untied the boys and forced them to help in the search. After finding a satisfactory quantity of goods, appellants took the boys to the attic and again tied them. Appellants briefly searched the house further and then departed.

Appellants were found guilty of the crimes and were sentenced to serve twenty years on each count, the sentences to run concurrently. Appellant Timothy Chambley asserts two enumerations of error in this appeal: (1) That the trial court erred in denying the motion for a directed verdict of acquittal on the kidnapping charges and (2) That the court erred in denying his requests to charge pertaining to included offenses. Appellant Phillip Chambley asserts additionally that the trial court erred in considering a pre-sentence investigation report by the probation department which included pending charges against him as well as prior convictions.

The issues presented by these enumerations of error are: (1) Whether appellants committed the crime of kidnapping under the facts adduced at trial; (2) Whether the crime of kidnapping was included in the crime of robbery under these facts; and (3) Whether the trial court's use of the investigation report for sentencing purposes was improper.

1. Code Ann. § 26-1311 (a) provides: "A person commits kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." Appellants assert that the evidence presented was insufficient to send the issue to the jury in that there was no evidence of any abduction or asportation. The evidence showed that the boys were forced to go into several rooms and the attic of the house against their will, but that they were never carried away from the house. The state contends that the distance is immaterial, that any asportation is sufficient.

The issue is a thorny one. The Supreme Court recognized this in the case of *Haynes v. State,* 249 Ga. 119 (1) (288 SE2d 185)(1982). The court affirmed the part of our decision (159 Ga. App. 34 (1) (283 SE2d 25) (1981)) holding that the forcing of a Hyatt Regency Hotel employee to walk from her desk about 25 feet to the hotel manager's office was sufficient asportation for conviction of kidnapping. The court also stated, "[W]e believe that specific legislation, amending Code Ann. § 26-1308 [sic?], should be enacted penalizing the holding of hostages for ransom to eliminate the hair-splitting decisions as to what is sufficient asportation. . . ." 249 Ga. at 120. Similarly, we believe Code Ann. § 26-1311 ought to be amended to specifically

provide for circumstances such as those existing here. In the meantime, we adhere to the rule that any unlawful asportation, however slight, is sufficient to support a kidnapping conviction. *Brown v. State,* 132 Ga. App. 399 (2) (208 SE2d 183) (1974). See also *Waters v. State,* 248 Ga. 355 (9) (283 SE2d 238) (1981); *Peavy v. State,* 159 Ga. App. 280 (1b) (283 SE2d 346) (1981).

2. Closely related to their first contention, appellants contend that, under the facts proven in this case, the alleged kidnappings were included in the robbery. Their argument is that the facts supporting the kidnapping charges were incidental to and part of the robbery and therefore the two offenses "merged."

Code Ann. § 26-506 (a)(1) allows multiple prosecutions for the same conduct unless one crime is included in the other. See *Bailey v. State,* 146 Ga. App. 774(2) (247 SE2d 588)(1978). Code Ann. § 26-505 (a) defines an included crime as one which is "established by proof of the same or less than all the facts or a less culpable mental state than is required to establish" the other crime charged. See *Thomas v. State,* 237 Ga. 690 (3) (229 SE2d 458)(1976). Under these two sections a crime is an included crime, barring multiple punishment, if it is the same as a matter of law or a matter of fact. *State v. Estevez,* 232 Ga. 316 (1) (206 SE2d 475)(1974). See also *Pryor v. State,* 238 Ga. 698 (1) (234 SE2d 918), cert. den. 434 U. S. 935 (1977).

Kidnapping clearly is not included in the crime of robbery as a matter of law. See *Dotson v. State,* 160 Ga. App. 898 (3) (288 SE2d 609)(1982). For a robbery conviction, the state must prove the accused took property of another from the person or in the immediate presence of another with the intent to commit theft. Code Ann. § 26-1901. For a kidnapping conviction, the state must prove an unlawful asportation of a person against his will. Code Ann. § 26-1311. Thus, the elements of the two crimes are distinctly different. See *Bill v. State,* 153 Ga. App. 131 (2) (264 SE2d 582)(1980).

We have no difficulty in finding further that the kidnapping did not merge with the robbery in this case as a matter of fact. The facts supporting the kidnapping charge were not the same as those supporting the robbery conviction. The facts going to the robbery charge included the taking of property in the presence of the boys. The facts showing appellants' additional conduct of forcing the boys into various rooms and the attic and tying them were incidental to, but not part of, the robbery. That conduct constituted a separate crime, independent of the robbery. Therefore, the two crimes were separate as a matter of fact. See *Butler v. State,* 239 Ga. 591 (3) (238 SE2d 387)(1977); *Bailey v. State,* supra. See also *Thornton v. State,* 144 Ga. App. 595 (2) (241 SE2d 478)(1978). Compare Annot., 43 ALR 3d 699, § 5(b), showing California and New York to be contra.

Since the kidnapping and the robbery were not the same as a matter of law or as a matter of fact, the trial court properly denied the motion for directed verdict of acquittal and correctly submitted the case to the jury with instructions on the law of kidnapping and robbery.

3. Appellant Phillip Chambley further contends that the trial court erred in considering a pre-sentence investigation report prepared by the probation department at the court's request. The report contained information pertaining to a number of prior convictions (most of which appellant denied at sentencing) as well as a pending charge against appellant. Appellant did not object when the court stated it would request the report. Appellant, however, did voice an adequate objection at the sentencing hearing.

It is well established that a trial court may use an undisclosed probation report as a tool in determining whether to suspend or probate a sentence, but the court cannot use the undisclosed report to aggravate the sentence. *McDuffie v. Jones,* 248 Ga. 544 (3) (283 SE2d 601)(1981); *Mills v. State,* 244 Ga. 186 (259 SE2d 445)(1979); *Munsford v. State,* 235 Ga. 38, 45 (218 SE2d 792)(1975). Here, it is not clear from the record whether the report was disclosed to appellant prior to the sentencing hearing, but we find it most reasonable to conclude that it was not disclosed. The trial court definitely considered the report, which is evidenced by express statements by the court and a series of questions posed to appellant by the court concerning items in the report. It is unclear from the record whether the report was used to actually aggravate the sentences, and this is what we must now determine.

In *Munsford,* where the rule was established, the Supreme Court upheld the sentence because it concluded the trial court did not use the pre-sentence report to increase the length of the sentence. The court made note of the fact that the sentence imposed was well below the maximum sentence. See 235 Ga. at 45-46. See also *McKisic v. State,* 238 Ga. 644 (5) (234 SE2d 908)(1977). In this case the trial court imposed the maximum sentence on each count. This case is also unlike *Crews v. State,* 142 Ga. App. 319 (7) (235 SE2d 756)(1977), where the record refuted any claim that the report was used by the judge to increase the sentence, and *Benefield v. State,* 140 Ga. App. 727 (12) (232 SE2d 89)(1976), where the judge made it explicit that he was not, and could not, use the report for fixing the length of the sentence.

Although we will not presume error in sentencing, *Watts v. State,* 141 Ga. App. 127 (8) (232 SE2d 590), cert. den. 434 U.S. 925 (1977), we require some assurance from a fair reading of the record that error was not in fact committed. *Moss v. State,* 144 Ga. App. 226

(4) (240 SE2d 773)(1977). The only arguable assurance we find in the record here is that the court ordered the sentences to run concurrently rather than consecutively. See Code Ann. § 27-2510; *Hoerner v. State,* 246 Ga. 374 (2) (271 SE2d 458)(1980); *Smith v. Ault,* 230 Ga. 433 (3) (197 SE2d 348)(1973). On the other hand, the record shows that the judge questioned both appellants at length regarding the respective probation reports and remarked, immediately prior to passing sentence, that he had "the benefit of the investigations of the Probation Department" he had requested. No actual evidence of prior convictions was admitted at the hearing. In fact, the state presented no evidence and made no argument. Thus, the only aggravating facts were in the probation reports.

The record compels the conclusion that the trial court impermissibly used the probation reports to aggravate appellants' sentences, rather than merely deciding whether to probate or suspend the sentences. *Munsford v. State,* supra. Accord, *Almon v. State,* 151 Ga. App. 863 (2) (261 SE2d 772)(1979), cert. den. 446 U.S. 910 (1980); *Van Voltenburg v. State,* 138 Ga. App. 628 (5) (227 SE2d 451) (1976). Compare *Howard v. State,* 161 Ga. App. 743, 748-49 (289 SE2d 815)(1982) (Pope, J., dissenting). We therefore vacate the sentences and remand for sentencing without regard to the pre-sentence investigation reports. In doing so, we are cognizant that appellant Timothy Chambley neither objected to the reports at the sentencing hearing nor asserts their use as error on appeal. Generally we would deem the objection waived in that event. *Fowler v. State,* 159 Ga. App. 496 (283 SE2d 710)(1981). However, under the exceptional circumstances of this case, we find it just to extend our decision on this issue to Timothy, as well as Phillip, Chambley.

*Judgment affirmed with direction. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 14, 1982.

*Jeffrey B. Talley, James B. Talley, Jr.,* for appellant (case no. 64266).

*Thomas C. Sanders,* for appellant (case no. 64267).

*William A. Foster III, District Attorney, Barbara V. Tinsley, Assistant District Attorney,* for appellee.