COLEMAN *v.* THE STATE.

1. The record of the conviction of a witness of larceny is admissible in evidence to impeach him.
2. As the act creating the city court of Macon (Acts 1884–5, p. 470) invests it with jurisdiction over all misdemeanors committed in the county of Bibb, it is a court of general jurisdiction as to such misdemeanors, and the requirements touching the transmission of indictments from the superior to the city court are only regulations for the exercise of that general jurisdiction. Hence, notwithstanding the requirement that when an indictment for a misdemeanor is transferred from the superior to the city court, the order of transmission shall be entered on the minutes of both courts, a certified transcript from the minutes of the city court of the record of a conviction for a misdemeanor in that court upon a transferred indictment is not rendered inadmissible in evidence because there was a failure to enter the order of transmission on the minutes of that court, it affirmatively appearing by the minutes of the superior court that such order was in fact duly passed.
3. The evidence fully warranted the verdict, and there was no error in denying a new trial.

June 4, 1894.

Indictment for burglary. Before Judge HARDEMAN. Bibb superior court. April term, 1894.

JAMES H. BLOUNT, Jr., for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, *contra.*

LUMPKIN, Justice.

Upon the trial of Coleman for the crime of burglary, in the superior court of Bibb county, one Stevens testified as a witness in his behalf.  For the purpose of impeaching this witness, the State offered in evidence a record from the city court of Macon, of his conviction of the offence of larceny from the house.  This record was admitted by the court over two objections made by the accused.  One of the objections was that a witness could not be impeached in this manner, even if the record was in all respects regular.  It has been settled by two decisions of this court that this objection was not well taken.  *McGruder et al.* v. *State,* 71 *Ga.* 864; *Georgia Railroad* v. *Homer,* 73 *Ga.* 251.  And see *Doggett* v. *Simms,* 79 *Ga.* 257.

The other objection was, that the indictment against Stevens for larceny from the house, having been transferred from the superior court of Bibb county to the city court of Macon, the latter court did not acquire jurisdiction of the case, because the requirements of section 31 of the act creating the city court were not complied with, it not appearing in the transcript from the city court that the order transferring the case had been entered on the minutes of that court, and the law being that the order of transmission should be entered upon the minutes of both courts.  In all other respects, the transcript from the city court was complete.  It consisted of an indictment against Stevens for larceny from the house of goods of the value of less than fifty dollars; a plea of not guilty; verdict of guilty; and sentence of the court.  The State also introduced the minutes of Bibb superior court, showing the return of this indictment, and an order duly passed transferring the case to the city court.  So there can be no doubt that the case

was properly and legally transferred from the superior to the city court. After passing the order transferring the case, the superior court had no further jurisdiction over it. By the force and effect of this order, the jurisdiction was immediately vested in the city court. Under the act (cited in the head-note) creating the city court of Macon, that court is invested with jurisdiction over all misdemeanors committed in the county of Bibb, and it is therefore a court of general jurisdiction as to such misdemeanors. The requirements touching the transmission of indictments to it from the superior court are merely regulations for the exercise of that general jurisdiction. This is especially so as to the requirement that the city court shall enter the order of transmission upon its own minutes. We therefore are satisfied that the city court had jurisdiction over the indictment against Stevens, and that it had sufficient legal authority to try and dispose of the case. Therefore, the objection to the record of Stevens' conviction with which we are now dealing was properly overruled by the court.

On the merits, the evidence was amply sufficient to sustain the verdict of guilty rendered against Coleman, and a new trial was properly refused.

         *Judgment affirmed.*