### 25838. MOSLEY v. THE STATE.

DECIDED JANUARY 12, 1937.

*J. D. Godfrey, J. Paxson Amis,* for plaintiff in error.

*C. E. Mayo, solicitor, J. E. Hyman,* contra.

MacIntyre, J. Ralph Mosley was convicted under a special presentment charging that on November 30, 1935, in Washington County, he did "keep on hand at his place of business, and did barter and sell for a valuable consideration, alcoholic, spiritous, malt, and intoxicating bitters and other drinks, which, if drunk to excess, will produce intoxication." There was no demurrer, and the only exception is to the judgment overruling the motion for new trial. J. D. Nobles testified, in substance, that on or about November 30, 1935, he went in the kitchen in the defendant's home in Washington County, Georgia, and "told him he wanted to buy some whisky;" that the defendant "sent his small boy into the backyard to bring a pint," and he went and got a pint and brought it back and gave it to him, and that he paid Ralph Mosley . . twenty-five cents for the said pint;" and that he was paid by some local people "to make purchases of whisky in Washington County," but "was not employed for any particular case," and his pay was "not dependent upon securing convictions."

There is no merit in the contention that the law under which the defendant was convicted had been repealed by the act of March 22, 1935 (Ga. L. 1935, p. 327). *Reynolds* v. *State,* 181 *Ga.* 547 (182 S. E. 917). See also *Peurifoy* v. *State,* 53 *Ga.* 515 (186 S. E. 461). There was no error in the court's refusal to accede to the request of counsel for the plaintiff in error "that the jury be purged as to the relationship of the jurors to the person or persons hiring the prosecuting witness, J. D. Nobles;" nor, under the facts of this case, did the court err "in refusing to allow counsel for the defendant to interrogate the prosecuting witness as to the names of the parties employing him so that the jury might be" so purged. The fact that the presentment on which the defendant was tried had not been entered on the minutes of either the superior court of Washington County or the city court of Sandersville is not cause for a new trial. *Coleman* v. *State,* 94 *Ga.* 85 (21 S. E. 124). See, in this connection, the act of October 31, 1901 (Ga. L. 1901, p. 164), creating the city court of Sandersville. The evidence supported the verdict; and for no reason assigned did the court err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*