*Loggins,* for appellee.

## 29119. JAMES v. THE STATE.

JORDAN, Justice.

William Haywood James, appellant here, was found guilty of armed robbery by a jury in the Fulton County Superior Court and sentenced to life imprisonment. Subsequent to his sentencing, appellant made a motion for new trial on the general grounds which was later denied by the trial court. Appellant filed a timely appeal to this court complaining that the trial judge erred in overruling his motion for new trial and that the jury's verdict was contrary to the law, the evidence, and the principles of justice and equity. *Held:*

We cannot agree with appellant's contentions and affirm the judgment of the lower court.

Two of the state's witnesses, clerks at the victimized liquor emporium, testified that on the evening of July 14, 1973, appellant entered their establishment and ordered a half pint of vodka; that after putting the purchase in a sack, appellant was informed that the price was $2.01 and was asked if he had a penny. Appellant reached into his pants pocket pulled out a pistol and said: "That's not what I came here after, I came after the goddamn money." The chief clerk testified that after removing the money from the first cash register and placing it in a sack, which appellant picked up temporarily, the appellant requested that he move with greater speed in extracting the money from the second register. To emphasize his point appellant discharged his weapon into the counter directly in front of the employee. Before the second register was relieved of its contents an off duty policeman, serving as a security guard, burst upon the scene and rescued the frightened employees. It appears that after entering the store the security guard wrestled away appellant's weapon, handcuffed him and carried him to a backroom. A robbery detective and backup police cars were called to the scene and appellant was taken to

the police station.

Code Ann. § 26-1902 provides in part that "A person commits armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon." Appellant contends that the evidence produced at the trial was insufficient to show intent or an actual taking. In our opinion, the fact that appellant took control of the first sack of money by use of the pistol, is sufficient to show the taking. "The slightest change of location whereby the complete dominion of the property is transferred from the true owner to the trespasser is sufficient asportation." *Johnson v. State,* 9 Ga. App. 409 (2) (71 SE 507); *Rivers v. State,* 46 Ga. App. 778 (169 SE 260). It is not required that the property taken be permanently appropriated. *Slaughter v. State,* 113 Ga. 284, 287 (38 SE 854, 84 ASR 242). The facts warrant the finding by the jury that a taking did take place. The appellant also argues that the required intent was not shown. The trior of fact determines whether the required intent was present after "consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." Code Ann. § 26-605. The record supports a finding of intent here.

In our opinion the evidence, as reflected in the record, is sufficient to authorize the jury's verdict. That verdict was correctly approved by the trial court and we will not disturb it now on appeal. *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461); *Killen v. State,* 50 Ga. 223; *Brown v. State,* 125 Ga. App. 300 (4) (187 SE2d 301).

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 16, 1974 — DECIDED SEPTEMBER 24, 1974.

*W. J. Stanley,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellee.