### 51468. HENSON et al. v. THE STATE.

QUILLIAN, Judge.

During the early morning hours of September 30, 1974, personnel of the Cherokee County Sheriff's office were at a roadblock looking for two prisoners who had escaped from the county jail a few hours earlier. They heard a motor vehicle start up in the area of a nearby lumber yard and started in pursuit. The vehicle failed to stop when they turned on their "blue lights." The defendants were seen in the vehicle by a deputy sheriff when he drove alongside, and by another deputy sheriff from behind the vehicle. Because it refused to stop they "shot out the tires." When the vehicle continued on and

turned off on a side road it was rammed by a pursuing police vehicle and pushed off the road. Both defendants were apprehended as they exited the vehicle. The vehicle's identity was established by its owner and the police — both before and after its taking. Defendants appeal their conviction of theft of a motor vehicle and a denial of their motion to set aside the verdict and to grant a new trial. *Held:*

1. Defendants contend that the state failed to prove the "necessary intent for a conviction of theft." We do not agree. The word "theft" is not, like "larceny," a technical word of art with narrowly defined meaning, but a word of general and broad connotation, covering any criminal appropriation of another's property to the taker's use. Edwards v. Bromberg, 232 F2d 107 (2) (5th Cir. 1956). The fact that the defendants were in recent possession of stolen goods without a reasonable explanation will authorize a conviction of theft by taking. *Peacock v. State,* 131 Ga. App. 651 (206 SE2d 582); *Davis v. State,* 129 Ga. App. 796, 802 (201 SE2d 345), cert. den.; *Aiken v. State,* 226 Ga. 840 (178 SE2d 202), U. S. cert. den. 401 U. S. 982. The issue was submitted to the jury with proper instructions, and where — as here, there is any evidence supporting the jury verdict, this court must affirm. *Townsend v. State,* 127 Ga. App. 797 (195 SE2d 474).

2. The general grounds are without merit as the evidence of record fully supports the verdict of guilty. The trial court did not err in denying defendants' motion to set aside the verdict and to grant a new trial.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED NOVEMBER 5, 1975 — DECIDED
DECEMBER 3, 1975.

*John G. Barrett,* for appellant.
*C. B. Holcomb, District Attorney,* for appellee.