### A89A0533. BRAMBLETT v. THE STATE.
(381 SE2d 530)

DEEN, Presiding Judge.

The appellant, Danny Bramblett, was convicted of armed robbery, kidnapping, and criminal attempt to commit extortion. On appeal, he contends that the State failed to prove the element of taking, with regard to the armed robbery charge, and venue, with regard to the attempt to commit extortion charge.

The evidence showed that Bramblett approached the victim in a parking lot at a shopping mall in Whitfield County, displayed a pistol, and forced his way into her car. After Bramblett emptied the victim's purse on the floorboard and found no money, he had the victim drive to an automatic bank teller machine and withdraw $300 for him. He then instructed her to drive to Murray County, where he had her stop at a convenience store and call her husband at his place of employment in Whitfield County to tell him to get $10,000 within 30 minutes

and await another phone call. Bramblett then had the victim drive to another road and stop the car so he could exit and relieve himself. As he got out of the car, Bramblett slipped and dropped the gun, and the victim drove away. *Held*:

1. We reject Bramblett's contention that because the victim escaped with the $300 still in her car, the State had failed to prove the requisite element of a "taking" for the offense of armed robbery. The victim was forced to give Bramblett the $300 withdrawn from the automatic teller machine; this was a sufficient showing of a "taking." "It is not required that the property taken be permanently appropriated." *James v. State*, 232 Ga. 834, 835 (209 SE2d 176) (1974).

2. The extortionate phone call was made in Murray County, but it was received in Whitfield County. In a prosecution for extortion, "the crime shall be considered as having been committed in the county in which the threat was made or received or in the county in which the property was unlawfully obtained." OCGA § 16-8-16 (b). Accordingly, venue in Whitfield County was proper.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 3, 1989.

*Ralph M. Hinman*, for appellant.
*Jack O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.