## A91A0502. EMMETT v. THE STATE.
(405 SE2d 707)

BEASLEY, Judge.

Emmett and Hill were jointly indicted, tried, and convicted of multiple charges. Hill's convictions were affirmed in his direct appeal. *Hill v. State*, 193 Ga. App. 401 (387 SE2d 910) (1989). Emmett's conviction is likewise affirmed.

The two men concocted a scheme for hijacking a UPS truck and using it for the robbery of a certain store. They set out in Hill's gray Lincoln Continental and followed a UPS truck driven by Terry Swindle. Emmett had disguised himself with dark-skinned make-up on his face, a wig, and sunglasses. At a delivery stop, Emmett entered the truck, pointed a .32 caliber revolver at Swindle's head, and told him to drive to a parking lot. There he instructed Swindle to get into the back of the truck and bound him with tape and an eye covering.

Emmett then drove the truck to the store, with Hill following in the car. Emmett went into the store and inquired about the purchase of a Cabbage Patch doll. He lost his nerve and left, stating he would return and make the purchase. Several hours later, he went back in the truck, and Hill followed in his Lincoln. Emmett entered the store and brandished the revolver. The store owner ran out the front door and yelled for help. Emmett fled and jumped into the Lincoln as Hill drove away.

They were apprehended by the police, who had been given a description of the car. Make-up, make-up remover, wig, sunglasses, and revolver were found in the car.

The two men were jointly indicted for the armed robbery of the UPS truck, the kidnapping of Swindle, false imprisonment of Swindle, aggravated assault upon Swindle, aggravated assault upon the store owner, and theft by taking the truck. Emmett was also charged with attempted armed robbery of the store, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon.

He was convicted of or pled guilty to all charges. After merging some of the offenses, the court entered final judgments for armed robbery of the UPS truck (OCGA § 16-8-41) (a)), the kidnapping of Swindle (OCGA § 16-5-40 (a)), the attempted armed robbery of the store (OCGA § 16-4-1), and possession of a firearm by a convicted felon (OCGA § 16-11-131) (b)).

1. Emmett enumerates as error the failure to direct a verdict for him on armed robbery, because he never intended to steal the UPS truck or any of its contents; he only used the truck during the store robbery and then abandoned it, with Swindle having been in the back of the truck at all times; he never intended to permanently deprive Swindle of the truck's possession.

"A person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." OCGA § 16-8-41 (a).

The argument is that there was no evidence of intent to commit theft and none of taking. The law is otherwise applicable to the evidence adduced. "The word 'theft' is not, like 'larceny,' a technical word of art with narrowly defined meaning, but a word of general and broad connotation, covering any criminal appropriation of another's property to the taker's use. *Edwards v. Bromberg*, 232 F2d 107 (2) (5th Cir. 1956)." *Henson v. State*, 136 Ga. App. 868, 869 (1) (222 SE2d 685) (1975). " 'It is not required that the property taken be permanently appropriated.' *James v. State*, 232 Ga. 834, 835 (209 SE2d 176) (1974)." *Bramblett v. State*, 191 Ga. App. 238, 239 (1) (381 SE2d 530) (1989). " 'The slightest change of location whereby the complete dominion of the property is transferred from the true owner to the trespasser is sufficient asportation.' *Johnson v. State*, 9 Ga. App. 409 (2) (71 SE 507); *Rivers v. State*, 46 Ga. App. 778 (169 SE 260)." *James*, supra at 835. "[R]egardless of whether appellant intended to take the [truck] and withhold it permanently, his intent to take it for his own temporary use without the owner's authorization evinces an intent to commit a theft." *Smith v. State*, 172 Ga. App. 356, 357 (2) (323 SE2d 257) (1984). Cf. *Miller v. State*, 174 Ga. App. 42, 44 (5) (329 SE2d 252) (1985).

2. Appellant contends that it was error to fail to charge the jury on robbery by intimidation and theft by taking as lesser included offenses of armed robbery, even though he did not request such. Omitting a charge on lesser included offenses is not error in the absence of a written request. *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976).

In addition, the court gave appellant an opportunity to make objections to the jury instructions after they were given. He neither raised this objection nor reserved his right to do so on motion for new trial or appeal, thereby waiving it. *Wadley v. State*, 257 Ga. 280, 281 (2) (357 SE2d 588) (1987).

3. Appellant contends that his conviction of armed robbery is a lesser included offense of kidnapping, requiring a merger of the former into the latter. OCGA § 16-1-7.

Armed robbery and kidnapping are clearly not included offenses as a matter of law. *Chambley v. State*, 163 Ga. App. 502, 504 (2) (295 SE2d 166) (1982).

Nor are they included offenses as a matter of fact in this case. The indictment alleged that appellant committed kidnapping by abducting Swindle and that he committed armed robbery by taking the truck from Swindle. Kidnapping was complete upon appellant's

pointing the gun at Swindle's head and forcing him to drive the truck away; armed robbery occurred upon appellant's tying Swindle up and assuming control of the truck, using the gun to acquire and maintain superiority. Under the indictment and evidence, these two offenses were based on separate acts. See *Gaither v. Cannida*, 258 Ga. 557, 558 (1) (372 SE2d 429) (1988); *Chambley v. State*, supra; accord *Bailey v. State*, 146 Ga. App. 774 (2) (247 SE2d 588) (1978); compare *Hambrick v. State*, 256 Ga. 148 (4) (344 SE2d 639) (1986).

4. Appellant complains of the trial court's allowing co-defendant Hill to attempt to impeach appellant, who implicated Hill, through proof of: (1) prior criminal convictions of burglary, and (2) pending drug charges, the latter having been offered to show that Emmett expected leniency or hoped for reward in exchange for his incriminating testimony. Denial of appellant's motion for trial severance when the evidence was admitted is also enumerated as error.

When two or more defendants are jointly indicted for a non-capital felony, such defendants may be tried jointly or severally, in the discretion of the trial court. OCGA § 17-8-4. "[T]he burden is on the defendant requesting a severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. [Cit.] He must make a clear showing of prejudice and a consequent denial of due process. [Cits.]" *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975).

Appellant placed his character in issue through testimony given by him on direct examination and thus opened the door to being impeached by proof of prior criminal convictions. OCGA §§ 24-2-2; 24-9-20; *Williams v. State*, 257 Ga. 761, 762 (3) (363 SE2d 535) (1988). Proof of crimes involving moral turpitude is admissible to impeach a witness. *Coleman v. State*, 94 Ga. 85, 86 (1) (21 SE 124) (1894).

Although evidence of the pending drug charges would not be admissible to impeach appellant as a witness, it was admissible to show his interest in cooperating with the State and testifying against Hill in this joint trial. See *Strickland v. State*, 257 Ga. 230, 232 (4) (357 SE2d 85) (1987).

A severance, however, was not required at this point because the evidence of the pending charges was merely in exploration of the subject which he had testified to at some length, i.e., his addiction to cocaine and how it had led to his criminal conduct in this case.

The trial court did not abuse its discretion in denying appellant's motion for severance. See *Kesler v. State*, 249 Ga. 462, 468-469 (4) (291 SE2d 497) (1982); *Terry v. State*, 190 Ga. App. 570, 571 (1) (379 SE2d 604) (1989); see also *Davis v. State*, 129 Ga. App. 796 (201 SE2d 345) (1973).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 1, 1991 —
REHEARING DENIED MAY 3, 1991 —

*H. Bradford Morris, Jr.*, for appellant.
*C. Andrew Fuller, District Attorney, William M. Brownell, Jr.*, *Assistant District Attorney*, for appellee.