A96A1976. MILLER v. THE STATE.

(477 SE2d 878)

</div>

ANDREWS, Judge.

Timothy Renard Miller was found guilty by a jury of armed robbery and aggravated assault with intent to rob. He appeals from the judgment of conviction and enumerates as error that: (1) the evidence was insufficient to support the convictions, and (2) the trial court erroneously admitted evidence of prior offenses as similar transactions. We find no basis for reversal and affirm.

1. The evidence was sufficient to support the armed robbery conviction. The State produced the following evidence: A grocery store cashier testified that Miller walked up to the cash register where she was working and told her to open the register or he would "blow [her] head off." She said Miller told her he had a gun and pointed toward her with his hand, which had a shirt wrapped around it. Although she could not see what was under the shirt, and did not see a gun, she testified that she feared for her life because she thought Miller had a gun under the shirt. She opened the cash register, and Miller pulled the cash drawer out of the register. After he pulled it out, the cash in the drawer spilled out on the floor. As Miller leaned down toward the money, the store owner appeared, armed with a revolver, and held Miller at gunpoint until the police arrived and arrested him. The evidence showed that Miller did not have a gun or any other weapon. The cashier also testified that, during the course of the robbery, Miller grabbed her around the neck. Miller presented no evidence.

The evidence was sufficient to show that Miller was guilty of armed robbery by taking the store's cash from the register by use of an article or device — wrapping his hand in a shirt — which had the appearance of an offensive weapon. OCGA § 16-8-41 (a). It is no defense that Miller did not actually have a gun or other offensive weapon in his possession when he committed the robbery. A conviction for armed robbery may be supported by evidence that the robber

used an article or device which, under the circumstances, created reasonable apprehension in the victim that the robber was using an offensive weapon. *Moody v. State*, 258 Ga. 818, 819-820 (375 SE2d 30) (1989); *McCluskey v. State*, 211 Ga. App. 205, 207-208 (438 SE2d 679) (1993). The evidence was sufficient for the jury to find the cashier had a reasonable apprehension that Miller was using a gun to commit the robbery. There was also sufficient evidence of a taking under OCGA § 16-8-41 even though Miller only temporarily held the cash drawer he pulled from the register and did not escape with any money. "Under OCGA § 16-8-41 the slightest change of location whereby the complete dominion of the property is transferred from the true owner to the trespasser is sufficient asportation to meet the statutory criterion. [Cits.] It is not required that the property taken be permanently appropriated. [Cits.]" (Punctuation omitted.) *Peoples v. State*, 184 Ga. App. 439 (361 SE2d 848) (1987).

After reviewing the evidence in a light most favorable to the verdict, we find the evidence was sufficient for a rational trier of fact to find Miller guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, there is no merit to Miller's additional contention that the trial court erred by denying his motion for a directed verdict.

2. The record shows that the trial court merged the aggravated assault with intent to rob conviction with the armed robbery conviction and sentenced Miller only for the armed robbery. Accordingly, the aggravated assault conviction stands vacated by operation of law, and Miller's contentions as to this conviction are moot. *Wade v. State*, 258 Ga. 324, 326 (368 SE2d 482) (1988).

3. Miller contends the trial court erred by overruling his objection that the prior offenses admitted as similar transaction evidence were not sufficiently similar to the charged armed robbery. The State presented evidence that Miller committed two previous armed robberies of convenience stores about two years prior to the present armed robbery. In both previous offenses, although no gun was visible, Miller stole cash from the store by threatening to shoot the clerk-cashier. In one case, Miller had his hand wrapped in a black cloth or towel when he threatened to shoot, and, in the other case, Miller threatened to shoot while holding his hand in his pocket. The prior offenses were sufficiently similar to the present armed robbery, in which Miller used a similar device while threatening to shoot the cashier, so that they tended to prove his guilt in the present case. There was no error in admitting the prior offenses as similar transaction evidence. *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 4, 1996.

*G. Samuel Burnette*, for appellant.

*Charles H. Weston, District Attorney, Graham A. Thorpe, Thomas J. Matthews, Assistant District Attorneys*, for appellee.