A07A0590. RUPPERT v. THE STATE.

(643 SE2d 892)

PHIPPS, Judge.

Indictments returned in 2005 and 2006 charged Randall Scott Ruppert with four counts of theft by taking and with two counts of theft by deception, respectively; these charges arose from his misappropriation of United States currency belonging to a business known as Cash Express of Newnan. At a jury trial, he was convicted on Counts 1 and 3 of the 2005 theft by taking indictment and on both counts of the 2006 theft by deception indictment, and he was given probated sentences and ordered to pay fines and restitution. He appeals. Among other things, he challenges the sufficiency of the evidence. Finding the evidence sufficient and no merit in any of his other claims of error, we affirm.

State's evidence showed that Cash Express of Newnan is engaged in the business of extending loans secured by vehicle titles, i.e., the title pawn business. Cal Roundtree owned Cash Express of Newnan and four other title pawn businesses located in various north Georgia towns. In January 2004, Roundtree hired Ruppert to manage Cash Express of Newnan. Prior to becoming manager of the Newnan store, Ruppert had been a Cash Express customer. On or about

---

[4] *In the Interest of L. G.*, 230 Ga. App. 153, 154 (495 SE2d 628) (1998).

September 16, 2004, Cal Roundtree vanished. After his disappearance, his estranged wife Lee Roundtree (a tax attorney for the IRS experienced in examining books and records) and Vera Wolfe (manager of other Cash Express stores owned by Roundtree) began examining computerized and handwritten books and records of Cash Express of Newnan. Irregularities found in those books and records led to the indictments in this case.

1. We find no merit in Ruppert's challenge to the sufficiency of the evidence to support his conviction of each offense.

(a) "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."[1] "The word 'theft' is not, like 'larceny,' a technical word of art with narrowly defined meaning, but a word of general and broad connotation, covering any criminal appropriation of another's property to the taker's use."[2]

Count 1 of the 2005 indictment charged Ruppert with theft by taking on or about August 26, 2004, by unlawfully appropriating the proceeds from Cash Express's sale of a 1989 Jeep Cherokee to Denise Palmore. Testimony given by Wolfe and supported by business records of Cash Express showed that during the time period specified in the indictment, Cash Express sold a repossessed 1989 Jeep Cherokee to Palmore, and that Ruppert received payments totaling $845 she paid to him for the vehicle but never credited those payments to Cash Express or deposited the proceeds into Cash Express's account.

Count 3 charged Ruppert with theft by taking on or about November 30, 2004, by unlawfully appropriating $850 as proceeds of a fictitious loan to John Reynolds. Although no handwriting analysis evidence was presented, testimony given by Wolfe and a police investigator, as supported by business records of Cash Express, showed entries by Ruppert onto Cash Express books reflecting an $850 loan to a fictitious person identified as John Reynolds secured by title to a nonexistent vehicle followed by issuance of a check purportedly endorsed and cashed by Reynolds.

Construed in a light most favorable to support the verdict, the evidence was thus sufficient to authorize a rational trier of fact to find Ruppert guilty of theft by taking beyond a reasonable doubt.

---

[1] OCGA § 16-8-2.
[2] *Henson v. State*, 136 Ga. App. 868, 869 (1) (222 SE2d 685) (1975) (citation omitted).

(b) "A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property."[3]

Count 1 of the 2006 indictment charged Ruppert with theft by deception on or about May 22, 2004, by creating a fictitious loan to a "James Eason" and misappropriating the proceeds to his own use. Testimony given by Wolfe and supporting documentation showed that, according to Cash Express business records, a $2,500 loan had been made to Eason on May 22, 2004, secured by title to a 1994 Ford van. And, again, although no handwriting analysis evidence was presented, other evidence, including testimony by Eason, showed that Eason had pledged title to that vehicle to a competitor of Cash Express at the time in question and had not signed or cashed the $2,500 Cash Express check dated May 22, 2004, and purported to be payable to and endorsed by him. Additional evidence showed that Ruppert had nonetheless made routine entries onto Cash Express records purporting to show that Eason had made payments on the loan, and Ruppert had made nonroutine, unauthorized entries which would have the effect of taking the loan off the books.

Count 2 of the 2006 indictment charged Ruppert with theft by deception on or about August 22, 2004, by falsifying records and misappropriating a security instrument in connection with a loan to himself. Testimony by Wolfe and another witness, as supported by business records of Cash Express, showed that before Ruppert was hired as manager of Cash Express of Newnan, he had borrowed $2,500 secured by title to a 2000 Volkswagen Beetle and that, after Ruppert was hired, he satisfied his loan and released title to the Beetle by crediting payments from another account.

Ruppert argues that he cannot be charged with misappropriation of any currency of Cash Express, because it was shown that on all dates in question the actual cash deposits exceeded the amounts calculated to be available for deposit on Cash Express's computerized records. This argument is without merit. What the evidence referred to by Ruppert showed was that he resigned as store manager after Lee Roundtree and Wolfe found irregularities in Cash Express's books and records and after Wolfe complained that the bank deposits and transaction logs did not match and that, on the day he tendered his resignation, the cash on hand exceeded the cash receipts as shown on the store records.

Ruppert also argues that the evidence failed to show that he took any missing money without Cal Roundtree's permission. In his defense at trial, however, Ruppert took the stand and denied taking

---

[3] OCGA § 16-8-3 (a).

any money. The jury was authorized to find that any money that he had taken under the circumstances set forth in the indictment and proved at trial was without the permission of Cash Express.

Therefore, the evidence, construed in a light most favorable to support the verdict, was also sufficient to authorize a rational trier of fact to find Ruppert guilty beyond a reasonable doubt of theft by deception.

2. Additionally, Ruppert complains that the defense was prohibited from obtaining evidence to establish that others had equal access and ability to misappropriate the property. He has not, however, enumerated that as error. Therefore, we do not reach this issue.

3. Ruppert contends that the trial court erred in denying his motion to dismiss based on the state's failure to provide full discovery and for violation of *Brady v. Maryland.*[4]

Prior to trial, the defense filed notices to produce various documents, including computer program directories, databases, backup databases, and computer files containing information relating to daily or monthly financial reports, status details, and transaction logs. Following a hearing, the court entered an order directing the prosecutor, with the assistance of Cash Express, to provide the requested documents to the defense. Shortly thereafter, the defense filed a motion to dismiss based on the state's failure to have produced the requested documents as well as a computerized backup disk containing the documents. Although the trial court denied the motion to dismiss, it directed Cash Express to comply with the court's directions to produce the evidence in question or risk having the indictment dismissed (even though it did not expressly find that there had been any wilful noncompliance). Prior to trial, Ruppert renewed his motion to dismiss, alleging that although Cash Express had provided the defense with boxes of documents as well as a computer backup disk, numerous files requested by the defense had been omitted from the boxes of documents and from the disk. At the beginning of the trial, Ruppert sought a ruling from the court on the renewed dismissal motion. Following extensive argument by counsel, the court denied the motion to dismiss, finding that the defense had been provided with seven boxes of documents and had not shown that anything had been intentionally omitted. Ruppert has not carried his appellate burden of showing by the record that any of the requested material was in fact omitted, intentionally or otherwise.

---

[4] 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

4. Ruppert complains of the trial court's failure to admonish the prosecuting attorney and take corrective measures when the prosecuting attorney made an improper statement in closing argument. But such failure by the trial court is not shown by the record.

The prosecuting attorney began his closing argument by maligning the function he perceived defense attorneys to serve in criminal proceedings. The court thereupon interrupted counsel, gave him a "warning . . . about that language," and told him that he was going to have "a long talk about it with you a little later." The defense interposed no objection either to the prosecuting attorney's remark or to the action taken by the court in response to it. Under those circumstances, Ruppert has waived his claim that the trial court took insufficient corrective action in response to the prosecutor's remark.

5. Ruppert contends that the court erred in allowing the state to introduce evidence of an unindicted offense under the guise of proving a similar transaction, thereby avoiding the necessity of providing the defense with discovery materials or exculpatory information relating to the offense.

The record shows that the state provided the defense with pretrial notice of its intent to introduce evidence of the similar transaction and that the court admitted evidence of it after ruling at a hearing held outside the presence of the jury that it met the requirements for admissibility under Georgia law. Ruppert has not shown any abuse of discretion in that ruling. Nor does it appear that he complained at trial that the prosecution was using the procedure for admission of similar transaction evidence as a stratagem to avoid any discovery or other obligations to the defense. Under the circumstances, we find no error in the court's admission of the similar transaction evidence.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MARCH 22, 2007.

*Kam, Ebersbach & Lewis, Michael G. Kam, Emily C. Gross*, for appellant.

*Peter J. Skandalakis*, District Attorney, *Raymond C. Mayer*, Assistant District Attorney, for appellee.