## A08A1492. ROBERTS v. THE STATE.
### (667 SE2d 138)

BARNES, Chief Judge.

Rashaud Roberts appeals his conviction for armed robbery, contending that the trial court erred by denying his motion for a directed verdict of acquittal due to insufficient evidence. Finding no error, we affirm the decision of the trial court.

On June 7, 2004, Roberts stood near the rental office at Hidden Oaks Apartment Complex with three young men, co-defendants Terrence Taylor, Alvin Lamons and Kenneth Brown. Before joining the co-defendants, Roberts showed a handgun and ski mask to a witness, Savannah B., an event witnessed by Taylor who testified that he saw Roberts waving the gun "in the air" while he spoke to a "girl named Savannah."

After showing the handgun and ski mask to the witness, Roberts informed all three co-defendants that he intended to rob someone. As the victim drove her vehicle into Hidden Oaks, she observed four young men standing on the breezeway in front of her apartment. Lamons testified that Roberts began walking toward the victim's approaching vehicle. He further testified that upon seeing these events unfold, he ran away from the scene before the robbery occurred. Taylor and Brown testified that they also fled the scene when Lamons did.

The victim testified that three of the four men left as she parked. After she exited her vehicle, the fourth man, who was wearing a ski mask, drew a gun on her and she screamed. All three co-defendants testified that they heard screaming as they fled the scene. The victim testified that the man took her purse and left. After an investigation, the Albany Police Department officers arrested Roberts and his three co-defendants and charged them with armed robbery. Brown, Lamons and Taylor agreed to testify against Roberts, and in exchange for their cooperation the Albany Police dropped all charges. During the trial, Lamons testified that Roberts threatened to kill all three co-defendants if any of them told the authorities about his involvement in the robbery. At the conclusion of the jury trial, Roberts was convicted of armed robbery. Roberts contends on appeal that the co-defendants' testimony was insufficient evidence to support his conviction because their testimony was not reliable and the victim was unable to identify him.

When a defendant appeals a criminal conviction citing insufficient evidence, this court construes the evidence in a light most favorable to the verdict with the understanding that the appellant no longer enjoys the presumption of innocence. *Grooms v. State*, 261 Ga. App. 549 (1) (583 SE2d 216) (2003). Additionally this court does not weigh the credibility or reliability of the evidence to determine sufficiency; rather we determine whether a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 318 (99 SC 2781, 61 LE2d 560) (1979).

A defendant may not be convicted on the uncorroborated testimony of a co-defendant. *Frazier v. State*, 257 Ga. 690, 699 (16) (362 SE2d 351) (1987). However, testimony by a second co-defendant is sufficient to corroborate testimony by the first. Id. In this case, the record reflects that all three co-defendants presented testimony that alternately corroborated each others' testimony. Lamons testified that he heard Roberts announce his intention to rob the victim, which was corroborated by the testimony of Taylor and Brown. Taylor testified that Roberts was at the scene of the crime, a statement corroborated by testimony from Lamons and Brown.

Lamons testified that Roberts had a handgun with him at the scene of the crime just moments before the robbery, a statement corroborated by Brown. As Roberts began walking toward the victim, after announcing his intention to rob her, Lamons testified that he fled the scene, a statement corroborated by the other two co-defendants who also fled the scene before the robbery. Moreover, the State did not rely only on the co-defendants' testimony. The victim corroborated their testimony about the events before the robbery by testifying that she saw four men standing in the breezeway and three of them left just before she was robbed. Taylor's testimony that Roberts had a handgun was corroborated by witness Savannah B., who saw the gun before the robbery.

Under Georgia law, armed robbery occurs when a person "with intent to commit theft . . . takes property of another from the person or the immediate presence of another by use of an offensive weapon." OCGA § 16-8-41 (a). The testimony of the victim, that she was robbed at gunpoint, corroborated by the testimony of the co-defendants linking Roberts to the crime, supports his identification as the robber and contradicts his central premise that no evidence showed he was the suspect.

Therefore, a rational factfinder could reasonably infer guilt from the evidence presented at trial. In a jury trial, issues of reliability and credibility of witness testimony are matters to be resolved by the jury. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001). The record reflects that the trial court properly instructed the jury on

how to weigh matters of witness credibility. Because the evidence was sufficient, we affirm the conviction.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 19, 2008.

*Agis R. Bray III*, for appellant.
*Kenneth B. Hodges III, District Attorney, Shelly D. Faulk, Gregory W. Edwards, Assistant District Attorneys*, for appellee.