**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 2, 2015**

# In the Court of Appeals of Georgia

A15A1006. HARRIS v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Phillip M. Harris was convicted of armed robbery, aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. On appeal, Harris argues that the evidence does not support the armed robbery conviction, but we find that the evidence was sufficient to show both the property's change of location and Harris's exercise of dominion over the property. Harris also argues that the trial court should have merged the armed robbery and aggravated assault convictions for sentencing purposes, but we find that the convictions were based on separate acts and therefore did not merge. Finally, Harris argues that he received ineffective assistance of trial counsel, but we find that he has not shown both harm and prejudice. We therefore affirm his convictions.

1. *Sufficiency of the evidence.*

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

Viewed in this light, the evidence showed that the victim went to the Ware Manor Apartments to visit friends. As he was walking through the complex, he encountered Harris's cousin and another woman, who made unfriendly remarks to him. The victim exchanged words with the women, then walked off to visit his friends.

Thirty minutes to an hour later, as the victim was walking back through the complex, he encountered Harris. Harris voiced his displeasure with the victim and pulled a gun on him. Harris hit the victim in the head and face with the gun, splitting the victim's chin. Harris snatched the victim's necklace from his neck. Then Harris shot the victim in the arm. The police found the necklace in a grassy area, 30 yards away from where the incident occurred.

Harris argues that the evidence was insufficient to support the armed robbery conviction because it showed only that the victim's necklace was broken and fell to the ground, so there was neither a change in location nor a transfer of complete dominion over the property. "Under OCGA § 16-8-41[, the armed robbery statute,] the slightest change of location whereby the complete dominion of the property is transferred from the true owner to the trespasser is sufficient asportation to meet the statutory criterion. It is not required that the property taken be permanently appropriated." *Miller v. State*, 223 Ga. App. 453, 454 (1) (477 SE2d 878) (1996) (citation and punctuation omitted). Here, the evidence enabled the jury to find that Harris ripped the victim's necklace from his neck and carried it 30 yards away before dropping it. This evidence supported the armed robbery conviction. See id. at 453-454 (1) (evidence supported armed robbery conviction where cashier, believing

3

defendant had a gun, opened cash register and defendant pulled cash drawer out of the register, spilling cash to the floor, before store owner appeared and held defendant at gunpoint until police arrived); see also *Gutierrez v. State*, 290 Ga. 643, 645 (723 SE2d 658) (2012) (where money was removed from its original position, where victims wanted it to be, and was placed in front of armed intruder, in the place where he wanted it to be, money "came within the dominion and control of" defendant) (citation and punctuation omitted).

2. *Merger.*

Harris argues that the trial court should have merged his armed robbery and aggravated assault convictions for sentencing because the aggravated assault arose out of the same act or transaction as the armed robbery. We disagree. The evidence showed that Harris took the victim's necklace after hitting him in the head and face with the gun, the act for which he was indicted for armed robbery. After taking the necklace, Harris shot the victim in the arm, the act for which he was indicted for aggravated assault. Thus, "the armed robbery and aggravated assault were separate events, the armed robbery being complete before the commission of the aggravated assault. For this reason, the court below did not err when it [did not] merge these

convictions." *Brown v. State*, 314 Ga. App. 198, 206 (6) (723 SE2d 520) (2012) (citations and footnote omitted).

3. *Effective Assistance of Counsel.*

Harris argues that he received ineffective assistance of counsel in two regards. To prevail on his claim of ineffective assistance of counsel, Harris must show both deficient performance by trial counsel and actual prejudice. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). To show sufficient prejudice, Harris must show that "there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. (citation omitted). If Harris "fails to meet his burden of proving either prong, then we do not need to examine the other prong." *Works v. State*, 301 Ga. App. 108, 114 (7) (686 SE2d 863) (2009) (citation omitted).

(a) *Failure to subpoena alibi witness*.

Harris argues that trial counsel was ineffective for failing to subpoena an alibi witness, his girlfriend, who did not come to the trial. He argues that had counsel subpoenaed this witness, either she would have shown up and given the alibi

5

testimony or she would not have shown up and then counsel could have introduced her testimony from Harris's probation revocation hearing related to this charge. Harris has not shown that the failure to subpoena the witness prejudiced his case because there is no reasonable probability that her testimony would have changed the outcome in his favor.

Trial counsel testified that he had gotten a sworn statement from Harris's girlfriend, in which she stated that Harris had come to her residence at 8 p.m. on the evening of the shooting and stayed until the next day. Counsel testified that he thought the girlfriend would attend the trial, so he did not worry about subpoenaing her.

Even if counsel had introduced the girlfriend's testimony that Harris was with her from 8 p.m. onward, it would not have helped Harris's case because it directly contradicted Harris's own trial testimony. Harris testified that he went to his girlfriend's house around 8 p.m, but she was not there, so he went to Ware Manor, the apartment complex where the crime occurred, arriving just a few minutes later. Harris entered an apartment, stayed there for 15 or 20 minutes, then went outside, where he saw a group of people, including his cousin (the woman with whom the victim had exchanged words). The group was arguing and Harris heard a gunshot.

Harris's testimony that he was only at his girlfriend's residence for a moment directly contradicts his girlfriend's statement that he was with her from 8 p.m. that evening until the next morning. Consequently, "[t]here is no reasonable probability that the outcome of the trial would have been different had the [alibi] testimony been presented." *Mathis v. State*, 328 Ga. App. 292, 298 (2) (c) (761 SE2d 836) (2014) (citations omitted).

(b) *Failure to investigate.*

Harris argues that trial counsel was ineffective because he failed to investigate the facts of the case properly. Harris "did not make any proffer as to what further investigation would have uncovered. He thus cannot establish ineffective assistance of counsel on this ground." *Arbegast v. State*, 332 Ga. App. 414, 426 (6) (f) (773 SE2d 283) (2015) (citation and punctuation omitted).

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*