**THIRD DIVISION**
**DILLARD, C. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 19, 2019**

# In the Court of Appeals of Georgia

A19A0603. McCULLOUGH v. STATE.

HODGES, Judge.

A jury convicted Dontavious McCullough of armed robbery, criminal attempt to commit a felony, aggravated assault, burglary in the second degree, possession of a firearm during the commission of a crime, and obstruction of a police officer after he broke into a Taco Bell, held an employee at gunpoint and took her phone, attempted to rob the restaurant, and then fled from police. He was sentenced to 20 years to serve with 12 in confinement for the armed robbery conviction along with sentences for probation on the other convictions. The trial court denied McCullough's motion for new trial and he appeals, contending (1) the evidence was insufficient to convict him for armed robbery; and (2) the trial court erred in refusing to instruct the jury on the penalty for armed robbery. For the following reasons, we affirm.

Under Georgia law,

> [o]n appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, [443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979)]. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citation omitted.) *Watkins v. State*, 336 Ga. App. 145, 146 (1) (784 SE2d 11) (2016).

So viewed, the evidence shows that the victim, a manager for Taco Bell, arrived shortly after 6:00 a. m. on July 24, 2016 to open the restaurant. The victim believed she was alone and went about her usual tasks of opening the restaurant and changing clothes to begin her shift. The victim was on her cell phone talking to a friend when she saw McCullough pointing a gun at her head in her periphery. He was wearing a mask and asked who was on the other end of her phone call. While holding the victim at gunpoint, McCullough demanded she give him her cell phone. The victim handed over her phone, and then McCullough threw it down hard on the floor and yelled that whoever she was on the phone with could call police. McCullough

picked the phone up off the ground and threw it down again. The victim pleaded "please don't kill me," and McCullough instructed her to take him to the safe. The victim was so frightened that she was shaking and unable to open to safe. McCullough then noticed on security cameras that police were arriving, and he instructed the victim to go to the front door and tell the police it was a false alarm. Instead, the victim told the police that there was a robber in the store and alerted them when she saw him leave through another door.

McCullough was indicted for armed robbery, criminal attempt to commit a felony, aggravated assault, burglary in the second degree, possession of a firearm during the commission of a crime, and obstruction of a police officer. A jury convicted McCullough of all charges. He filed a motion for new trial, which the trial court denied, and he now appeals.

1. McCullough contends there was insufficient evidence to convict him of armed robbery.[1] We disagree.

Under Georgia law,

---

[1] McCullough does not challenge the sufficiency of the evidence for any of his other convictions.

[w]hen a defendant appeals a criminal conviction citing insufficient evidence, this court construes the evidence in a light most favorable to the verdict with the understanding that the appellant no longer enjoys the presumption of innocence. Additionally this court does not weigh the credibility or reliability of the evidence to determine sufficiency; rather we determine whether a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.

(Citations omitted.) *Roberts v. State*, 293 Ga. App. 348, 349 (667 SE2d 138) (2008).

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). On appeal, McCullough does not dispute that he put a gun in the victim's face, demanded her cell phone, and then smashed the phone on the ground; rather, he contends that he did not have the mens rea to commit armed robbery because his conduct demonstrates he never intended to take the phone for his own use. McCullough's argument is unavailing.

To commit the crime of armed robbery,

[t]he slightest change of location whereby the complete dominion of the property is transferred from the true owner to the trespasser is sufficient asportation. Regardless of whether appellant intended to take the [phone] and withhold it permanently, his intent to take it for his own

4

temporary use without the owner's authorization evinces an intent to commit a theft.

(Citations and punctuation omitted.) *Emmett v. State*, 199 Ga. App. 650, 651 (1) (405 SE2d 707) (1991). McCullough claims that he did not take the phone for his own use, but the jury was authorized to find otherwise. McCullough's brief use of the phone entailed breaking it so as to further his attempted robbery of the Taco Bell. McCullough may not have used the phone to place a call or send a message, but the jury could find that breaking the phone was putting it to his own use by preventing the victim from using her phone to call police. See *Vergara v. State*, 287 Ga. 194, 196-197 (1) (c) (695 SE2d 215) (2010) (evidence sufficient to convict for armed robbery where the defendant took the victim's phone with no intention of returning it because of his fear the phone could connect him to the victim); see also *Harris v. State*, 334 Ga. App. 299, 300 (1) (779 SE2d 83) (2015) (evidence sufficient to convict defendant of armed robbery where he threw the victim's necklace down only 30 yards from where he snatched it off the victim's neck). Consequently, the evidence was sufficient to convict McCullough of armed robbery.

2. McCullough also contends that the trial court erred when it refused to charge the jury as to the penalty for armed robbery. Again, we disagree.

5

"In reviewing an allegedly erroneous jury instruction, we apply the plain legal error standard of review." (Citation and punctuation omitted.) *White v. State*, 291 Ga. App. 249, 251 (661 SE2d 865) (2008). McCullough requested the trial court to charge the jury as to the mandatory minimum punishment for armed robbery, which the trial court refused.[2] Importantly, however, McCullough also agreed that it would be appropriate to charge the jury to concern itself only with the guilt or innocence of McCullough, not with punishment. Obviously, conceding that a charge to disregard punishment is appropriate contradicts McCullough's position that the jury should be charged as to the punishment he faced if convicted.

Pretermitting the effect of McCullough's acquiescence, the jury here was properly charged. In essence, McCullough's argument urges this Court to *require* trial courts to grant requests to charge juries about sentencing so as to encourage jury nullification if the jury believes the legislature's sentencing scheme is unjust. We decline to do so. This Court is aware that juries sometimes craft verdicts that are not based wholly on the law as charged, and we will not necessarily reverse a verdict in such a situation. See, e. g., *Turner v. State*, 283 Ga. 17, 20 (2) (655 SE2d 589) (2008)

---

[2] "A person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than ten nor more than 20 years." OCGA § 16-8-41 (b).

("[I]nconsistent verdicts could be the result of jury mistake, compromise, or lenity, but it is unknown whether the mistake, compromise, or lenity was exercised in favor of the defendant or the prosecution. In our cases endorsing the abolition of the inconsistent verdict rule, we have determined it is not generally within the court's power to make inquiries into the jury's deliberations, or to speculate about the reasons for any inconsistency between guilty and not guilty verdicts.") (citations omitted).

This does not mean, however, that courts should *encourage* juries to disregard the law. The Supreme Court of Georgia previously held that a jury is properly charged to focus solely on the guilt or innocence of the defendant "rather than possibly being distracted by premature concerns regarding sentencing." *Stinski v. State*, 286 Ga. 839, 852 (48) (691 SE2d 854) (2010); see also *Roberts v. State*, 276 Ga. 258, 260 (4) (577 SE2d 580) (2003).[3] "Courts should not substitute their judgments as to the appropriateness of criminal penalties for that lawfully expressed by the General Assembly. It is only when criminal sanctions fail constitutional standards that the

---

[3] McCullough correctly points out that pre-existing knowledge of the punishment for an indicted crime is not a basis to strike a juror for cause. See OCGA § 15-12-163. The composition of a jury is a separate legal question than the proper charge of a jury. Nonetheless, if a juror's pre-existing knowledge about sentencing made the juror so fixed in his or her opinion that the defendant should be acquitted regardless of the evidence, that juror could be stricken for cause. See OCGA § 15-12-164; *Garland v. State*, 263 Ga. 495, 496 (1) (435 SE2d 431) (1993).

judiciary may concern itself with the substance of sanctions." *Means v. State*, 255 Ga. 537 (1) (340 SE2d 612) (1986).[4] Indulging McCullough's request to require courts to promote jury nullification would, therefore, be an improper intrusion on the role of the legislature. McCullough's argument that the mandatory minimum sentence for armed robbery under these circumstances is unduly harsh is properly directed at the legislature, not the judiciary. Accordingly, there is no plain legal error in the trial court's charge of the jury.

*Judgment affirmed. Dillard, C. J., and Gobeil, J., concur.*

---

[4] The sentence here for McCullough's armed robbery conviction, 20 years to serve with 12 in confinement, is within the range permissible by law. See OCGA § 16-8-41 (b).